No. 4          June 2, 2022          87

IN THE OREGON TAX COURT
REGULAR DIVISION


Natasha K. DUNNE,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant,*
and

DOUGLAS COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 5440)

On Defendant-Intervenor Douglas County Assessor's (the county's) motion to compel Plaintiff to allow an inspection of the property at issue, the county argued that it was entitled to an inspection as a matter of law under Tax Court Rule (TCR) 36 B, as an inspection is "reasonably calculated to lead to the discovery of admissible evidence." In response, Plaintiff asserted that the county could have gathered any evidence it needed in a previous inspection. The court concluded that each party is allowed to "inquire regarding any matter, not privileged, which is relevant" to a claim or defense under TCR 36 B(1). Further, neither party is bound by previous values and the parties are allowed to gather new evidence to support their cases. *Salisbury v. Dept. of Rev.*, 24 OTR 497, 510-13 (2021). The court granted the county's motion to compel, subject to any protective order under TCR 36 C to protect Plaintiff from "annoyance, embarrassment, oppression, or undue burden or expense."

Oral argument on Defendant-Intervenor's motion to compel discovery was held remotely on June 1, 2022.

Paul E. Meyer, Douglas County Counsel, Roseburg, filed the motion and argued the cause for Defendant-Intervenor Douglas County Assessor (the county).

Natasha K. Dunne, Plaintiff, filed a response and argued the cause *pro se.*

Decision rendered June 2, 2022.

**ROBERT T. MANICKE, Judge.**

In this property tax case involving tax year 2020-21, Defendant-Intervenor Douglas County Assessor (the county) has moved under Tax Court Rule (TCR) 36 B to compel Plaintiff (taxpayer) to allow the county to inspect the subject

property, taxpayer's residence. In addition to the foregoing facts, the parties do not dispute that the issue in the case generally involves the value of improvements made before the January 1, 2020, assessment date. Taxpayer submitted copies of email correspondence between herself and county personnel that indicates that county personnel previously inspected the property in March 2020.[1]  Although the parties appear to dispute the scope of that inspection, they do not dispute that its purpose was to help the county determine what values to place on the roll for tax year 2020-21.

The county argues that it is entitled to the inspection as a matter of law, on the grounds that an inspection is "reasonably calculated to lead to the discovery of admissible evidence," as provided in TCR 36 B, and as referred to in *Poddar v. Dept. of Rev.*, 328 Or 552, 983 P2d 527 (1999) and *Bleoaja v. Dept. of Rev.*, 20 OTR 102 (2010). Taxpayer argues, among other things, that the county could have gathered any evidence it needs for this case during the March 2020 inspection. Taxpayer seeks to distinguish *Poddar* and *Bleoaja* on the grounds that those cases involved the percentage of completion of improvements as of the relevant assessment dates; taxpayer represents that all improvements in this case had been completed before January 1, 2020. Taxpayer also represents that a new inspection would create a hardship for her and her family, based on her own health conditions and health-related conditions of several children who reside at the property under her foster care.

The court agrees with the county that a new inspection of the subject property, in preparation for trial in this case, is, in principle, permissible in this case. As discussed in *Salisbury v. Dept. of Rev.*, 24 OTR 497 (2021), an assessor has a statutory duty to determine the real market value of each parcel of real property every year as of the January 1 assessment date. *See* ORS 308.210(1).[2] To do so, an assessor may conduct a physical inspection and/or rely on other techniques. However, when the property's value is at issue in this court, the property tax laws do not limit either party's

---

[1] Taxpayer did not authenticate the correspondence by means of a declaration, but the court does not understand the county to dispute its authenticity.

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2019 edition.

ability to gather new evidence to support the party's case. Instead, each party is bound by the court's rules, which allow parties to "inquire regarding any matter, not privileged, which is *relevant*" to a claim or defense. TCR 36 B(1) (emphasis added). As in all trial courts in the state of Oregon, the methods for conducting discovery include "permission to enter upon land or other property, for inspection and other purposes." TCR 36 A; *cf.* Oregon Rules of Civil Procedure (ORCP) 36 A (same).

To the extent that taxpayer argues that the county should have conducted its March 2020 inspection in a manner that provided it all the evidence it needs in this litigation, that is not the law. The Oregon legislature has declared that this court reviews each matter "*de novo*," meaning that the court decides the value of property "anew," based on the admissible evidence that the parties provide to the court. *See* ORS 305.425(1) (requiring *de novo* review by the court). An assessor is not bound by the value he or she determined in the annual assessment process, and neither party is bound by the values for which the party argued in prior proceedings. *See Salisbury*, 24 OTR at 510. This is true regardless of whether the dispute over real market value relates to the percentage of completion of work in a particular year or other contested facts.

The court's rules recognize that physical inspections and other discovery can present difficulties for the party on whom a discovery request is served. In this case, taxpayer represents that an inspection could put her and her family members at risk of adverse physical and/or emotional health effects. TCR 36 C allows the court to make "any order which justice requires" in order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense," including by specifying terms and conditions of a site inspection.[3] The court will allow the county to conduct its inspection, subject to any protective order that the court may enter under TCR 36 C. The court directs the parties to confer and to seek agreement on the terms of a protective

---

[3] In her objection to the county's motion to compel discovery, taxpayer refers to the "undue hardship" provisions in TCR 36 B(3). That rule relates to one party's attempt to discover the other party's trial preparation materials; it is not relevant here.

order that will address taxpayer's reasonable concerns. If the parties are unable to agree, taxpayer may file a motion for protective order on or before July 1, 2022. As with other motions in the Regular Division, statements of fact related to the motion must be presented by declaration or affidavit, as described in TCR 47 D (notarization not required). If no motion for protective order is filed on or before July 1, 2022, the county may proceed to schedule its inspection. Now, therefore,

IT IS ORDERED that the Douglas County Assessor's Motion to Compel Discovery is granted, subject to any protective order under TCR 36 C as described above.